UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                    Chapter 11

VOTVOT, INC.,                                             Case No. 12-47878 (CEC)

                                Debtor.
-----------------------------------------------------------x

## DEBTOR'S MOTION SEEKING
## DISMISSAL OF THE CHAPTER 11 CASE

**TO THE HONORABLE CARLA E. CRAIG,**
**UNITED STATES BANKRUPTCY JUDGE:**

Votvot, Inc. (the "Debtor"), as and for its motion seeking to dismiss the Chapter 11 case pursuant to 11 U.S.C. §1112(b)(1), respectfully shows the Court as follows:

### PRELIMINARY STATEMENT

1.      The Debtor owns two adjacent parcels of commercial real property known as 2413 Mermaid Avenue, Brooklyn, NY 11224 and 2415 Mermaid Avenue, Brooklyn, NY 11224 (jointly, the "Properties").    Each of the Properties has one commercial unit on the first floor and two residential units above.

2.      The Debtor originally filed the Chapter 11 petition to protect the Properties from a pending foreclosure action.  As set forth in more detail below, the secured mortgage claim against the Debtor has been purchased by the Debtor's largest unsecured creditor, who is willing to work with the Debtor to restructure its financial obligations.

3.    In light of the assignment of the secured debt to this "friendly" creditor, the Debtor now seeks to have its petition dismissed, so that it can make arrangements to restructure its debt outside of the Bankruptcy Court.

## BACKGROUND

4.    The Debtor obtained a $1 million loan from Carver Federal Savings Bank in July, 2006, and made timely payments for two years before defaulting in 2008. Carver commenced a foreclosure action in 2010, pursuant to which a receiver was appointed and has continued in possession and management of the Properties for several years. In March, 2012, Mermaid Lend LLC ("Mermaid") purchased the secured claim from Carver.

5.    On November 14, 2013, the Debtor filed a Chapter 11 petition in an effort to regain control of the Properties from the receiver, generate new income and reorganize. Within two weeks, Mermaid moved to lift the automatic stay so that it could continue its foreclosure action.

6.    Among the other creditors of the Debtor are several persons who loaned money to this Debtor and other affiliates owned by the same principal, Yehuda Nelkenbaum. After discussing his overall financial situation with these creditors, Mr. Nelkenbaum was able to arrange that one of them, Aron Tessler, who holds a $900,000 unsecured claim against the Debtor, would purchase Mermaid's secured claim and work with Mr. Nelkenbaum outside of bankruptcy to restructure the finances of this Debtor, as well as other affiliates that owe money to Mr. Tessler.

7.    As a result, by Stipulation dated February 20, 2013, Mr. Tessler agreed to purchase the secured claim from Mermaid for the sum of $700,000.

8.    In light of this agreement, and in recognition that all but about $41,000 of its debt is now held by Mr. Tessler, the Debtor believes it will be more efficient to proceed outside of bankruptcy. Accordingly, the Debtor, with the consent of Mr. Tessler, now seeks to dismiss its petition.

## THIS CASE SHOULD BE DISMISSED

9.    Dismissal of the case appears appropriate under 11 U.S.C. Section 1112(b)(1), which provides:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested...dismissal is not in the best interests of creditors and the estate, the court shall...dismiss a case...if the movant establishes cause.

10.    In determining whether to grant a motion to dismiss a Chapter 11 case, the Court should consider a number of factors, including:

> (1)    whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;
> (2)    whether there would be a loss of rights granted in the case if it were dismissed rather than converted;
> (3)    whether the debtor would simply file a further case upon dismissal;
> (4)    the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;
> (5)    in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise;
> (6)    whether any remaining issues would be better resolved outside the bankruptcy forum;

(7)    whether the estate consists of a "single asset";

(8)    whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests;

(9)    whether a plan has been confirmed and whether any property remains in the estate to be administered; and

(10)   whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

In re Just Plumbing & Heating Supply, Inc., 2011 WL 4962993 (Bankr. S.D.N.Y. 2011).

The Debtor respectfully submits that the Just Plumbing factors weigh in favor of dismissal.

11.    First, the Debtor is not aware of any avoidance actions that could be filed. In fact, the Debtor is advised that the Properties are currently vacant, and thus had no cash flow for some time prior to bankruptcy.

12.    Second, as there has been only minimal activity in this case, no loss of rights would occur as a result of dismissal.

13.    Third, the Debtor does retain the right to file a new petition, but in light of the recent agreement with Mr. Tessler, it has no expectation to it will do so.

14.    Fourth, there is likely little or nothing for a Chapter 7 trustee to administer. Mermaid has maintained that the Properties have a fair value of less than $750,000, such that there is no equity in the Properties over and above the approximately $1,430,000 owed to Mermaid on its secured claim. While the Debtor believes that the Properties may be worth as much as $1,500,000, the costs of liquidation would likely leave nothing for unsecured creditors. This, combined with the $900,000 in unsecured

4

debt owed to Mr. Tessler, renders any distribution which might be available for other creditors strictly de minimus.

15.    Fifth, conversion of the case would not maximize the Debtor's value.

16.    Sixth, there are no open issues to be resolved by the Court.    All parties are fully protected by applicable state law.

17.    Seventh, this is a not a "single asset" case, as there are two Properties.

18.    Eighth, there have been no allegations of misconduct by the Debtor or its principals.

19.    Finally, no environmental or safety issues exist which require the intervention of a trustee.

20.    The Debtor will pay any outstanding quarterly fees that come due as a condition of dismissal.

21.    Upon information and belief, the Office of the United States Trustee will support dismissal of the bankruptcy case.

22.    In sum, the Debtor is appreciative of the time devoted to this matter by the Court, but recognizes that the best course of action at this time is to proceed with dismissal of the bankruptcy.

**WHEREFORE**, the Debtor prays for relief consistent with the foregoing, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 19, 2013

> GOLDBERG WEPRIN FINKEL
> GOLDSTEIN LLP
> Attorneys for the Debtor
> 1501 Broadway, 22nd Floor
> New York, New York 10036
> (212) 221-5700
>
> By: _____
> J. Ted Donovan, Esq.

X:\GWFG\new data\Yen\word\Votvot Inc-NELYE.32056\Motion to Dismiss Case 04-19-13 (v2).doc